IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL ALLAN McCORMICK, ) | |
| AIS #284527, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-610-MHT |
| ) | (WO) |
| JEFFERSON S. DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Samuel Allan McCormick. ("McCormick"), a state inmate, in which he challenges the constitutionality of actions taken against him in May 2016 at the Limestone Correctional Facility ("Limestone"). *Compl. - Doc. No. 1* at 3-4. Specifically, McCormick complains that correctional officials at Limestone placed him in protective custody on lock-down and thereby denied him access to legal materials which caused him to miss a deadline before the United States Supreme Court. *Id*.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] McCormick filed an application for leave to proceed *in forma pauperis*. *Doc. No. 3*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama. McCormick also filed a motion for summary judgment. *Doc. No. 4*. This motion is likewise due to be addressed by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in -- (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which McCormick complains occurred in the Northern District of Alabama. Additionally, McCormick remains incarcerated at Limestone and it likewise appears that all of the individuals personally involved in the challenged actions are employed at such facility. Although by virtue of his position as Commissioner of the Alabama Department of Corrections Jefferson S. Dunn resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Under these circumstances, it is clear that the witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before August 11, 2016, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th

---

[2]In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

3

Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 28th day of July, 2016.

> /s/   Wallace Capel, Jr.
> UNITED STATES MAGISTRATE JUDGE